```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
    v.                          )   No.  13 C 7644
                                )       (09 CR 352-1)
BRIAN DAVID CARTER,             )
                                )
            Defendant.          )
```

                        MEMORANDUM ORDER

Brian Carter ("Carter") has employed the printed form supplied by the Clerk's Office for use in filing 28 U.S.C. §2255 ("Section 2255") motions to vacate, set aside or correct federal sentences.  Although Carter had entered into a plea agreement and pleaded guilty before this Court's then colleague Honorable William Hibbler back in 2011, his sentencing was rescheduled by Judge Hibbler on several occasions running into 2012.  Then Carter's case was reassigned to this Court following Judge Hibbler's untimely death, and this Court ultimately sentenced him on June 22, 2012 to the custodial term that he is now serving.

By way of background, Carter had an extensive history as a bank robber:  His guilty plea in this case encompassed three bank robbery charges, together with a charge of knowingly possessing and brandishing a handgun in one of those, and the plea agreement pursuant to which he pleaded guilty to those charges included his acknowledgment of a half dozen other bank robberies.  Moreover, his prior criminal history included among other crimes two other

bank robberies, the earliest of which went back almost a quarter century. Although the low end of the sentencing guideline range applicable to Carter (including the mandatory seven year consecutive sentence called for by the gun charge included in the indictment) came to 273 months, this Court's evaluation of all the relevant factors under 18 U.S.C. §3553 resulted in a 210 month custodial sentence.

Carter took no appeal from that sentence (although, as is typical in this District Court) his plea agreement expressly specified the 14-day period within which any appeal had to be taken. Hence the date on which his judgment of conviction became "final" for purposes of Section 2255(f)(1) came in early July 2012.

Carter took no court action of any kind thereafter until he sent a letter dated April 30, <u>2013</u> to this District Court, which he then followed up by submitting a September 19, 2013 request for a new time period within which to file an appeal, coupled with a request for the appointment of counsel. This Court promptly responded with a September 23 memorandum order that explained that no such belated request could be entertained, after which Carter filed the current Section 2255 motion.

It is frankly difficult to get a fix on what claimed constitutional deprivation was purportedly involved in either Carter's guilty plea or his sentencing--the type of claim that is

2

essential to any viable Section 2255 motion. Carter's asserted Ground One harks back to his September 2008 sentencing on an Illinois state conviction, while his Ground Two goes back even further to Carter's May 2, 2001 sentencing by this Court's colleague Honorable Charles Norgle, during which defense counsel had "stressed the importance [of] mental health treatment."

Finally, Ground Three charges the federal government's purported violation in this case of the years-earlier court orders "by failure to provide mental health treatment with qualified expert in this particular field of study." But in that regard the record in this case, going back to Judge Hibbler's tenure and continuing thereafter, reflects that Carter's mental and physical problems received continuing solicitude and judicial attention: For example, Judge Hibbler's September 7, 2010 order (Dkt. 47) called for Carter's medical records to be delivered to his counsel, Judge Hibbler's November 18, 2010 order (Dkt. 54) provided for a competency evaluation, his July 28, 2011 order (Dkt. 76)--after Carter had pleaded guilty--granted a further medical examination (without government objection) that was later budgeted as $20,000, and Carter's sentencing date was rescheduled several times (the last rescheduling was ordered by this Court on May 16, 2012 (Dkt. 101). Lastly, this Court's June 22, 2012 judgment and commitment order made this recommendation to the Bureau of Prisons:

> This Court recommends FMC Rochester as the institution
> for incarceration. If unavailable, a facility best
> equipped to handle defendant's extremely serious
> medical condition (or, more accurately, combination of
> conditions).

All of this, however, is essentially beside the mark, for Carter's Section 2255 effort has long since been barred by the one-year limitations period applicable under Section 2255(f)(1). Carter's Motion ¶13(E) explains his failure to appeal as ascribable to adverse health problems (characterized as "life-threating [sic] pneumonia"), but he had able appointed counsel throughout the underlying criminal case, and this Court's statement during sentencing as to his appellate rights advised him (as it always does) as to his entitlement to representation by counsel in connection with any appeal.[1]

In the language of Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court's preliminary review has confirmed that "it plainly appears from the motion, any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief." That Rule consequently provides that in that event "the judge must dismiss the motion and direct the clerk to notify the moving

---

[1] Indeed, Carter's lengthy criminal background and his multiple sentences, all with the benefit of constitutionally-guaranteed representation by counsel, surely leaves no question as to his ability to obtain and act through counsel during the year following his sentencing by this Court. There is simply no justification for his inaction under the circumstances.

party." This Court so orders.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: November 5, 2013

---

[2] Carter's accompanying motion for in forma pauperis status is denied, for no fee is payable in connection with a Section 2255 motion. Lastly, his motion seeking counsel is denied as moot.

5