```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13 C 7644 |
| v. | ) (No. 99 CR 352-1) |
| | ) |
| Brian David Carter, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM ORDER

Brian Carter ("Carter") has filed what he labels as a "Motion To Re-instate §2255." But that most recent filing reflects a continuing--and fundamental--misunderstanding of (1) the operative principles that apply to the relief that Carter has sought under the rubric of 28 U.S.C. §2255 ("Section 2255") and (2) the consequent reason that such relief could not and cannot be granted.

As this Court's November 5, 2013 memorandum order ("Order II") reflected, this Court inherited Carter's criminal case after the untimely death of its colleague Honorable William Hibbler when the case was at the presentencing stage--Carter had pleaded guilty before Judge Hibbler in 2011, with his sentencing hearing then having been set and reset on a number of occasions over a several month period running into 2012. When this Court then imposed sentence on June 22, 2012,[1] any appeal had to be taken

---

    [1] Carter's custodial term was set at 210 months, fully
five years below the low end of the sentencing guideline range of
273 months applicable to his offenses of conviction.

within 14 days thereafter (Carter's plea agreement had expressly so specified, and this Court repeated that requirement at the time of sentencing). That being the case, Carter's judgment of conviction became "final" for purposes of Section 2255(f)(1) in July 2012.

Silence then descended, with Carter neither filing any appeal nor taking any other court action for more than nine months, at which point he sent a letter dated April 30, 2013 (but not a motion as such) to this District Court. That letter was followed by a September 19, 2013 request for a new time period within which to file an appeal, coupled with a request for the appointment of counsel. When this Court promptly responded with a September 23 memorandum order explaining that no such belated request could be entertained,[2] Carter filed what he labeled as a Section 2255 Motion.

This Court's explanation in Order II went on to discuss briefly the substance of the three grounds that Carter sought to advance in that Section 2255 motion, an explanation that concluded by stating that it "is essentially beside the mark, for Carter's Section 2255 effort has long since been barred by the one-year limitation period applicable under Section 2255(f)(1)." Even earlier this Court had issued a brief September 23, 2013 memorandum order ("Order I") that covered Carter's sentencing

---

[2] As indicated above, even Carter's earlier April 30 letter had been untimely by over nine months.

itself in brief compass. Its penultimate paragraph had read:

> At sentencing this Court (as it always does) apprised Carter of his limited rights of appeal and of the 14-day deadline for filing any appeal (Fed. R. App. Proc. ("Rule") 4(b)(1)(A) establishes the 14-day time clock, while Rule 4(b)(4) permits an extension of that time "[u]pon a finding of excusable neglect or good cause," but only "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

Order I concluded by stating Carter's disentitlement to advance such a belated request for the appointment of counsel and for a new time period for filing a notice of appeal. It finished by stating:

> Carter is of course free to tender the issue to our Court of Appeals for its consideration.

Carter has not done that, nor does anything in his current motion for "reinstatement" of his Section 2255 motion call for reconsideration. That current motion is denied.

_____
Milton I. Shadur
Senior United States District Judge

Dated:    December 12, 2013